## A. D. FENTON v. STATE.

No. A-2013.    Opinion Filed April 18, 1914.

(139 Pac. 1155.)

1.  APPEAL—Time for Taking—Dismissal. An appeal from a judgment of a trial court to this court must be taken in the manner and within the time provided by the statute and the orders of the trial court made under the provisions of the statute, in order to give this court jurisdiction to consider the same on the merits.

2.  SAME—Dismissal. When an appeal is not taken within the time provided by the statute, and under the orders of the trial court made in pursuance of statutory regulations, this court has no jurisdiction to determine any question raised, and can only dismiss the appeal.

*Appeal from County Court, Pawnee County;*
*Geo. E. Merritt, Judge.*

A. D. Fenton was convicted of violating the prohibitory law, and appeals. Dismissed.

*Goodwin & Dillard,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.   Plaintiff in error, A. D. Fenton, was convicted at the March, 1913, term of county court of Pawnee county, on a charge of having the unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of $50 and imprisonment in the county jail for a period of 30 days. Judgment was pronounced on the 17th day of March, 1913, at which time the court fixed 40 days within which to make and serve case-made, and 60 days within which

the appeal should be filed in this court. On the 26th day of April the court by additional order extended the time for making and serving the case-made for fifteen days, making a total of 55 days, but made no order extending the time theretofore granted for filing an appeal in this court. The appeal was lodged with the clerk here on the 17th day of May, 1913. The Attorney General has filed a motion to dismiss this appeal, on the ground that the same was not lodged in this court until after the expiration of the 60 days provided by law and the orders of the trial court. Counsel for the plaintiff in error filed a response to this motion, in which they admit that the same was not filed within the 60 days provided by the trial court, and undertake to assert that they were entitled, after the 1st day of June, to lodge the appeal. This position is wholly without merit. This court has many times pointed out to the members of the bar the proper manner in which to preserve the rights of their clients in connection with perfecting these appeals. It may be that counsel intended to secure an extension of the time for filing the appeal until June 1st; but no such order appears in the record. It may be that the court intended to make such an order; but he failed to do so, or, if he did so, failed to include such order in the record. Appeals are not based upon the intention of counsel or courts, but upon specific statutory requirements. Counsel have not undertaken to amend the record to show that they come within any rule announced by this court under the provisions of the statutes of the state. The motion of the Attorney General is therefore sustained, and the appeal accordingly dismissed.

Mandate forthwith.

DOYLE and FURMAN, JJ., concur.